# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SISILY L. SESSIONS, | ) |
| | ) |
| Plaintiff, | ) Case No. 6:13-CV-00633-CL |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN L. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Kathryn Tassinari and Robert Baron, Harder, Wells, Baron & Manning, P.C., 474 Willamette, Suite 200, Eugene, OR 97401.  Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Gerald J. Hill, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075.  Attorneys for Defendant.


**MARK D. CLARKE, Magistrate Judge**.

Plaintiff Sisily Sessions ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her applications

for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under

Titles II and XVI of the Social Security Act.  This court has jurisdiction under 42 U.S.C. §§

405(g) and 1383(c).  Because the Commissioner's decision is supported by substantial evidence,

the decision is **AFFIRMED**.

## BACKGROUND

Born in 1988, plaintiff was 16 years old on the alleged disability onset date of December 1, 2004. Tr. 37-40. Plaintiff speaks English and earned her GED. *Id.* She has past work experience as a home health aide, and as an aide in an assisted living center. Tr. 276. Plaintiff filed applications for DIB and SSI on September 15, 2010, alleging disability due to bipolar disorder, PTSD, endometriosis, and chronic headaches. Tr. 261.

The Commissioner denied plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). After an administrative hearing, the ALJ issued a decision finding plaintiff not to be disabled on August 31, 2012. Tr. 16-28. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final Agency decision. Tr. 1-6; 20 C.F.R. §§ 416.1481, 422.210 (2014). Plaintiff now seeks judicial review of that decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving

significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity after June 30, 2010, the amended alleged onset date. Tr. 22. At step two, the ALJ found plaintiff had the following severe impairments: depression not otherwise specified ("NOS"), anxiety NOS, and polysubstance abuse disorder. *Id.* At step three, the ALJ found that plaintiff had "marked" limitations in several areas of functioning and one or two episodes of decompensation, and therefore satisfied the criteria for Listings 12.04, 12.06, and 12.09. Tr. 22-23. The ALJ found that if plaintiff refrained from substance abuse, however, she would not have an impairment or combination of impairments that met or equaled a listed impairment. Tr. 24.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that if plaintiff stopped her substance abuse, she would retain the ability to perform a range of

medium work, with the following limitations: she can frequently climb stairs or ramps, but only occasionally climb ladders ropes and scaffolds; she can frequently balance, but only occasionally stoop or crawl; she is limited to simple, routine tasks that involve no more than occasional public contact. Tr. 25. At step four, the ALJ found that plaintiff would be unable to perform any of her past relevant work even if she stopped her substance use. Tr. 27. At step five, the ALJ found that, when clean and sober, plaintiff retains the RFC to perform the jobs of folder, sorter, and bindery machine operator, which exist in significant numbers in the national economy. Tr. 28. Finding that her "substance abuse disorder is a contributing factor material to the determination of disability," the ALJ concluded that plaintiff is not disabled. *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to include her personality disorder as a severe impairment at step two, (2) omitting her mental limitations from the RFC, and (3) finding that her mental limitations would not be disabling if she refrained from substance abuse.

**Personality Disorder**

Plaintiff first argues that the ALJ erred by omitting her personality disorder from his step two findings, causing further error at step four. At step two, the ALJ determines whether the claimant's impairment is "severe" under the Commissioner's regulations. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). When the Commissioner resolves step two in the claimant's favor, the claimant has the burden to show that any impairment omitted at step two results in greater limitations than the ALJ included in the RFC assessment. *Burch*, 400 F.3d at 682-83 (finding no error in the ALJ's omission of claimant's obesity at step two because the record did not indicate that claimant's obesity exacerbated her other impairments).

The ALJ did not consider plaintiff's alleged personality at step two, but nevertheless resolved step two in plaintiff's favor. The ALJ then proceeded with the sequential analysis and found that, when sober, plaintiff had the RFC to perform medium work with some limitations. Tr. 22, 25. While plaintiff points out that her alleged personality disorder makes it difficult for her to control her substance abuse, she does not argue that personality disorder would result in

Page 6 – ORDER

greater limitations if she were to stop using drugs and alcohol, nor does she present any evidence
to support such a theory. *See* Pl.'s Br., p. 16. Thus, plaintiff fails to show how her alleged
impairment would result in greater limitations than found in the ALJ's RFC assessment. *See*
*Burch*, 400 F.3d at 682-83. The court therefore finds no reversible error in the ALJ's step two
findings.

**Mental Limitations**

    Plaintiff next argues that ALJ erred because the mental RFC does not include plaintiff's
moderate limitations in concentration, persistence or pace. *See* Tr. 24. The mental RFC
assessment requires a detailed assessment by itemizing various functions contained in the broad
categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of
Impairments. SSR 96-8p, *available at* 1996 WL 374184, *4. The Regulations thus distinguish
the mental RFC assessment from the psychiatric review technique used at steps two and three for
the purposes of determining whether a claimant meets a listed impairment. *Id.*

    At steps two and three, the ALJ performed the psychiatric review technique and
determined that, when sober, plaintiff does not meet a listed impairment. Tr. 23-24. The ALJ
then completed a mental RFC assessment at step four, and restricted plaintiff to simple, routine
tasks. Tr. 25. In the Ninth Circuit, a restriction to simple, routine tasks is consistent with a step
three finding that a claimant has moderate difficulty maintaining concentration, persistence, or
pace. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008). The court thus
finds that plaintiff's mental RFC is consistent with the ALJ's finding that plaintiff has moderate
limitations in concentration, persistence or pace.[1]

---

    [1] Plaintiff also argues that the ALJ erred in formulating his hypothetical to the VE based on the
faulty RFC. Because the court finds that the ALJ did not err in his mental RFC assessment, there was
accordingly no error in the VE hypothetical.

Page 7 – ORDER

Plaintiff also argues that "if [examining psychologist] Dr. Starr is properly credited, his opinion establishes that Plaintiff has marked limitations that preclude work." Pl.'s Br., p. 17. Dr. Starr found that plaintiff's substance use disorder negatively affected her functioning, but did not specify the degree of improvement plaintiff would experience if she were totally abstinent from drugs and alcohol. The ALJ gave Dr. Starr's assessment "significant weight," and concluded from his opinion that plaintiff would have some mental limitations even if she remained clean and sober. Tr. 26.

The ALJ incorporated his findings into the RFC and providing for plaintiff's mental limitations. *See Stubbs-Danielson*, 539 F.3d at 1173-74. While plaintiff points out evidence in the record to corroborate Dr. Starr's assessment of her mental limitations, she fails to establish any inconsistency between the ALJ's ruling and Dr. Starr's opinion. To the extent that plaintiff offers an alternative interpretation of the evidence, that interpretation is insignificant and the court must uphold the ALJ's rational interpretation of the record. *Sample*, 694 F.2d at 642; *Burch*, 400 F.3d at 679 (variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record). The Court finds no error in the ALJ's interpretation of Dr. Starr's report, and ALJ's determination is affirmed.

**Materiality of Substance Abuse Disorder**

Plaintiff argues, finally, that the ALJ erred by finding that she would not be disabled if she refrained from substance abuse. The ALJ must determine whether a claimant's substance use "is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935(a). If a substance use disorder is material to a finding of disability, then the claimant may not be found disabled under the Act. 42 U.S.C. §§ 423(d)(2)(c) ("An individual shall not be considered disabled ... if alcoholism or drug addiction would (but for this subparagraph) be a

contributing factor material to the Commissioner's determination that the individual is disabled"), 1382c(a)(3)(J).

The ALJ found that plaintiff's substance abuse was "a contributing factor material to the determination of disability."[2] Tr. 28; *see* 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J). In support of this finding, the ALJ noted evidence that plaintiff's mental functioning was much improved after a sustained period of sobriety in a treatment center, citing records and observations of treatment center staff. Tr. 23-24, 1165-67 (note from Lifeways staff member Sarah Wood, PAC, stating plaintiff's improvements after almost three months of sobriety). Plaintiff does not challenge the veracity of this evidence; instead, she argues that other evidence in the medical record contradicts the ALJ's materiality finding. Pl.'s Br., pp. 14-15. First, plaintiff points out that Dr. Starr opined that abstinence from substances was "not likely to make the other [mentally limiting] behaviors go away." Tr. 1106. Second, plaintiff notes that her counselor, Travis Burch, opined that plaintiff's mood-related symptoms persisted despite 43 days of sobriety. Tr. 1169.

Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record. *Sample*, 694 F.2d at 642; *Burch*, 400 F.3d at 679. The ALJ considered evidence that plaintiff's mental functioning improved after a sustained period of sobriety at the treatment center. Tr. 26 (plaintiff's "reported functioning during periods of sobriety in 2010 and 2012 appear to allow for at least some basic work activities"). On close inspection, the medical record reveals that plaintiff's mental functioning improved after a period of sobriety of about three months—twice as long as the period of sobriety considered by Mr.

---

[2] As noted, taking plaintiff's substance abuse disorder into consideration, the ALJ found at step three that plaintiff met the "B" criteria for Listings 12.04, 12.06, and 12.09. Tr. 22. The ALJ concluded, however, that absent her substance abuse disorder, plaintiff would not satisfy the criteria for a listed impairment. Tr. 23, 28.

Burch when he formulated his opinion. Based on the medical record as a whole, the ALJ

reasonably concluded that plaintiff's "mental functioning … improved significantly in the

absence of drug and alcohol use." Tr. 24 (explaining that plaintiffs "[t]reatment records indicate

steady improvement in her mood and [that] there is no evidence that she will be unable to

function outside a supportive environment"). The Court thus rejects plaintiff's interpretation of

the record, as well as her argument that the ALJ's materiality finding conflicts with the medical

evidence. *Sample*, 694 F.2d at 642. The ALJ's conclusion that plaintiff would not be disabled if

she refrained from using drugs and alcohol was supported by substantial evidence and is

therefore affirmed.

## CONCLUSION

The ALJ's conclusion that plaintiff is not disabled is AFFIRMED.

IT IS SO ORDERED.

DATED this _____ day of March, 2014.

_____

Mark D. Clarke

United States Magistrate Judge